Argued October 7; petitioner disbarred October 13; rehearing
denied November 5, 1936

IN THE MATTER OF THE DISBARMENT PROCEEDINGS OF

# HAROLD W. JOHNSTON

(61 P. (2d) 296)

*Will H. Masters,* of Portland, for the Oregon State Bar.

No appearance for petitioner.

BEAN, J. Pursuant to the provisions of chapter 28, Oregon Laws 1935, p. 31, et seq., and rules and regulations adopted by the Board of Governors, Oregon State Bar, a complaint was filed against Harold W. Johnston, who was admitted to practice in the courts of Oregon in October, 1930, upon a certificate from the state of Minnesota. Hearing was had before the trial committee, duly appointed by the Board of Governors of the Oregon State Bar, after due notice, and the trial committee reported to the Board of Governors and that body approved the report and found as follows:

On or about May 11, 1935, Harold W. Johnston was consulted by one Thomas D. Bell in regard to obtaining a divorce. At that time Bell paid to Johnston the sum

of $2 and had an agreement that the total fee, including costs, would be $50. On September 6, 1935, Bell paid an additional sum of $35 and on or about that date signed and verified a divorce complaint. He was advised by Johnston that the complaint would be filed, that service would be made upon defendant, who was a resident of California, and that in due time his testimony would be taken. On subsequent occasions Johnston informed and assured Bell that the complaint had been filed, and that he, Johnston, was properly taking care of all necessary arrangements. On December 3, 1935, Bell paid an additional $14 in full payment of all services and costs. On or about that date he was taken by Johnston to the county courthouse, and, pursuant to the arrangements made by Johnston with the court reporter, the matter was referred to the reporter as referee, and Bell's testimony was then taken. At the conclusion of the hearing, Bell was assured by Johnston that nothing further was required from him, that he, Johnston, would take care of the details of entering the decree. A short time thereafter Johnston was notified by Judge Gilbert, or his clerk, that no complaint had been filed. Johnston then stated that he would proceed to file a complaint and obtain the divorce for his client. The court communicated with Johnston on subsequent occasions, both verbally and in writing, and on January 14, 1936, wrote a letter to the chairman of the Multnomah County Grievance Committee, sending a copy to Johnston and a copy to Bell. This was the first notice to Bell from any source that a divorce had not been obtained. After charges were preferred against Johnston, he filed a divorce complaint for Bell, and service has now been had upon his wife, the defendant. Prior thereto no document of any kind had been filed in the case nor had there been

any attempts to secure service upon Bell's wife. The Board of Governors found that these facts constituted misconduct on the part of Johnston, and that said misconduct was intentional and calculated to mislead and perpetrate a fraud upon the court and upon Thomas Bell, the client of Johnston.

The substance of the findings recited were embodied in the complaint and in the report of the trial committee. The Board of Governors adopted the following resolution:

"Be it further resolved that the Board of Governors of the Oregon State Bar hereby recommend to the Supreme Court of the State of Oregon permanent disbarment from the practice of law of the said Harold W. Johnston."

Mr. Johnston filed an answer before the Board of Governors admitting the substance of the charge against him and alleged that the same occurred by reason of failure of his plans to carry out in accordance with reasonable expectations; that he had no intention to defraud his client out of any moneys or to fail to secure said client a divorce.

It appears that after the complaint was filed before the Board of Governors he proceeded to file the complaint in the divorce case and took proceedings to obtain the divorce.

Sections 13 and 17, et seq., of chapter 28, Oregon Laws 1935, provide for a hearing for any of the causes set forth in the laws of the state of Oregon warranting disbarment or suspension, or for any breach of the rules of professional conduct, and direct proceedings in regard thereto.

Harold W. Johnston has petitioned for a review of the proceedings and recommendation of the Board of Governors, and represents that prior to the charge of

misconduct made in this proceeding he has never been charged or even suspected of any misconduct as a member of the bar of either Minnesota or Oregon, and bears a good reputation and submits that the matter does not justify permanent disbarment, as recommended by the Board of Governors.

Section 32-502, Oregon Code 1930, provides, among other things:

"An attorney may be removed or suspended by the supreme court for either of the following causes, arising after his admission to practice: * * * 3. For being guilty of any wilful deceit or misconduct in his profession; * * *"

The admitted delinquency of this attorney was a deceit and fraud upon his client and also upon the court and merits the disbarment recommended by the Board of Governors of the Oregon State Bar.

The report of the Board of Governors is approved, and an order will be entered that Harold W. Johnston be removed and disbarred from practicing in any of the courts of the state of Oregon.

BELT and KELLY, JJ., not sitting.