Argued December 15; Defendant adjudged guilty of contempt
December 21, 1937

# STATE ex rel. OREGON STATE BAR v. JOHNSTON

### (74 P. (2d) 395)

In Banc.

*Clifford G. Holland,* of Portland, for plaintiff.

*Harold W. Johnston,* in pro. per.

PER CURIAM. On October 13, 1936, the defendant, Harold W. Johnston, theretofore a duly licensed and practicing attorney of this state, was, by order of this court, disbarred from practicing in any of the courts of the state of Oregon: *In re Harold W. Johnston*, 154 Or. 569 (61 P. (2d) 296).

He is charged in this proceeding with contempt of court, in that he has violated the order of the court by practicing law after the decree of disbarment was made. The proceeding was initiated by the State of Oregon on the relation of the Oregon State Bar, by filing a motion which asked that the defendant be cited to appear and show cause why he should not be adjudged guilty of contempt. The motion is supported by affidavits, one of which shows that after his disbarment the defendant continued to occupy an office in the city of Portland, on the door of which appeared a sign reading: "Harold W. Johnston, Attorney at Law"; that in March, 1937, he accepted employment from one Frances Peecher to secure a divorce for her; prepared a complaint for her to sign, and procured another attorney to sign the complaint as attorney for plaintiff. It further appears from this affidavit that he told Frances Peecher that his total fee would be $51, which included court costs, and that he was paid $30 on account. Later he attempted to collect the balance of the fee.

By another affidavit it is shown that the defendant was employed by one William L. Chamberlain to effect a compromise with the latter's creditors.

The defendant filed an affidavit in which he admitted, substantially, these charges. In response to the order to show cause, he appeared before this court and again admitted the charges and prayed the indulgence of the court.

■■ It may be doubted whether effecting a compromise with creditors constitutes practicing law. The other transaction, however, did constitute practicing law and a violation of the order of this court, amounting to a contempt of its authority, which the court has inherent power to punish: *Rhode Island Bar Association v. Automobile Service Association*, 55 R. I. 122 (179 Atl. 139), 100 A. L. R. 226, annotation at page 236; *In re William T. Morse*, 98 Vt. 85 (126 Atl. 550), 36 A. L. R. 527, annotation at page 533.

■■ The defendant has been in straitened financial circumstances since his disbarment. He does not seem to have pursued a persistent course of practicing law. His attitude now is that of one acknowledging his offense and of submission to the authority of the court. These facts are no defense, but they should be taken into consideration in fixing the penalty.

The defendant is adjudged guilty of contempt of this court, and a fine is imposed in the sum of $100, but payment of the fine is suspended as long as he shall refrain from practicing law.